**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

|  |  |  |
|---|---|---|
| LARRY HYSELL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-05-071 |
| HERCULES LIFTBOAT COMPANY L.L.C.; LYTAL MARINE SERVICES, LLC.; and M/V LYTAL JAMES, | § § § § § | |
| Defendants. | § § § | |

**ORDER DENYING DEFENDANT LYTAL MARINE SERVICES, LLC'S MOTION TO
TRANSFER VENUE**

This case arises out of injuries allegedly sustained by Larry Hysell ("Plaintiff"). Now before

the Court comes the Motion to Transfer Venue to the Eastern District of Louisiana or the Western

District of Louisiana by Lytal Marine Services, LLC ("Lytal"). For the reasons stated below, Lytal's

Motion is respectfully **DENIED**.

I.      Background

Plaintiff was employed as a cook either by Energy Catering Services, LLC, a Louisiana

company which is not a party to this case, or by Defendant Hercules Liftboat Company L.L.C.

("Hercules"). Plaintiff alleges that he was injured while he was being transferred between the M/V

Blue Runner, owned by Hercules, and the M/V Lytal James, owned by Lytal. The vessels were

located about 29 miles offshore of Louisiana. Lytal now moves to transfer this case to the Eastern

District of Louisiana or, alternatively, to the Western District of Louisiana.

II.     Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404(a).   The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)  (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").   In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

III.     Analysis

*A.  Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony.  *See id.* (citing *Dupre*, 810 F.

Supp. at 825).  "The convenience of one key witness may outweigh the convenience of numerous less important witnesses."  *Id.*

Lytal lists four of its employees and four of Hercules's employees, all of whom were on the vessels at the time of the incident, as potential witnesses.  Three of these live in Louisiana and one in Alabama; the residences of the Hercules employees were not stated.  Lytal and Hercules can compel the attendance at trial of their own employees, so the availability and convenience of these potential witnesses is given less weight.  *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003).  Plaintiff notes that the testimony of these witnesses is probably cumulative, so it is unlikely that all will be called to testify anyway.

Lytal also lists two doctors in Lake Charles and a physical therapist in Sulphur, Louisiana. Plaintiff adds Dr. McCoin in Houston and a corporate representative of Hercules, probably from the Houston headquarters, as likely witnesses.

While the Eastern District of Louisiana would be more convenient for the employee witnesses, their convenience is given less weight.  The Western District of Louisiana would be more convenient for the two doctors, but it would be less convenient for all the other witnesses, and the doctors' testimony will likely be presented by deposition anyway.  Lytal has not shown that a transfer to either the Eastern District or Western District of Louisiana would increase the availability and convenience of the majority of important witnesses.  This factor weighs against transfer.

B.  *Location of Books and Records*

The location of books and records is generally of little importance in this type of case.  Some of Plaintiff's personnel records may be located in Houma at the offices of Energy Catering Services, and some of his medical records may be in Lake Charles, but Lytal has not given the Court any indication that the records located in Louisiana are so voluminous as to cause it to incur substantial

cost in transporting them to this Court.  *See LeBouef*, 20 F.Supp.2d at 1060 ("The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston [from Louisiana]."). This factor weighs neither for nor against transfer.

## C.  Potential for Delay

Trial in this case is set for November 14, 2005.  Although the Fifth Circuit has held that the potential delay must be unusual to have a strong influence on a decision to transfer, transferring this case three-and-a-half months before a firm trial setting will necessarily cause a significant delay in resolving the case.  *See, e.g. In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ([I]n rare or special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence.").  Transferring a case at this stage takes up precious judicial resources because of the various proceedings that must be duplicated in the transferee court.  This factor weighs slightly against transfer.

## D.  Plaintiff's Choice of Forum

Lytal acknowledges that the Plaintiff's choice of forum is generally entitled to great deference, but it maintains that the choice of forum is entitled to less deference when the plaintiff does not live in the forum.  *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum).  Plaintiff lives in the Western District of Louisiana.  However, Hercules does have its headquarters in Houston, in this District.  With Hercules's headquarters in this District and Lytal's in the Eastern District of Louisiana, no matter where Plaintiff filed suit, he probably anticipated a motion to transfer.  The location of one Defendant's headquarters in this District is a sufficient connection to entitle Plaintiff

to some deference in his choice of forum. *See id*. at 1109. This factor weighs against transfer.

*E. Place of the Alleged Wrong*

Lytal also argues that the Court should consider the place of the alleged wrong. At the time of Plaintiff's injury, the vessels were operating off the coast of Louisiana. However, Plaintiff has stated that he does not intend to inspect the vessels, and Lytal has not indicated to the Court any reason why the location of the accident will affect its cost and convenience in litigating in this forum. This factor weighs only slightly in favor of transfer.

IV.     Conclusion

The witnesses in this case are scattered among this District and the Eastern and Western Districts of Louisiana, and one Defendant has its headquarters in this District. A transfer to Louisiana would merely shift the inconvenience to other witnesses and Parties. The Motion to Transfer Venue is therefore respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 2nd day of August, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge